LOCAL PROB 12C
(06/17)

# UNITED STATES DISTRICT COURT
## for
## Connecticut

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Roberto Vasquez

Docket Number: 0205 3:14CR00107-001

Sentencing Judicial Officer: Honorable Janet C. Hall, U.S. District Judge

Date of Original Sentence: March 27, 2017

Original Offense: 2 Counts of Possession of a Stolen Firearm, in violation of 18 U.S.C. § 922(j).

Original Sentence: 72 Months' Bureau of Prisons; 36 Months' Term of Supervised Release

Type of Supervision: Supervised Release          Date Supervision Commenced: January 2, 2020

AUSA: Rahul Kale          Defense Attorney: Daniel M. Erwin

---

**PETITIONING THE COURT**

☐ To issue a summons for a violation hearing
☒ To issue a warrant

The probation officer believes that the offender has violated the following condition(s) of supervision:

| | | |
|---|---|---|
| | Charge # 1<br>Special | The defendant shall be subject to home confinement, without the use of electronic monitoring, at the residence of Michael Pappas, at the address set forth in Defendant's Exhibit G (Doc. No. 115-2), except for travel for medical, legal, or religious appointments. The defendant shall notify the United States Probation Office, in advance, of the times and destinations for permitted travel.<br><br>On August 31, 2020, at approximately 4:00 PM, an unscheduled home visit was conducted at Mr. Vasquez's residence in Norwalk to assess his living status and confirm he was home, pursuant to Court Order.<br><br>Contact was established with Mr. Vasquez, Michael Pappas, and MaryAnn Pappas, as well as a social worker visiting Mr. Vasquez. Initially, this officer established contact with Michal Pappas, while Mr. Vasquez was meeting on the front porch with his social worker.<br><br>Upon discussing observable conduct of Mr. Vasquez and any possible barriers to supervision/success, Mr. Pappas shook his head, looking down at the ground, stating "not good." It is noted that Mr. Vasquez, who was meeting with his social worker, appeared to start paying attention to this officer and Mr. Pappas talking as opposed to meeting with his social worker. Therefore, this officer asked to speak with Michael and MaryAnn Pappas privately in their home. Upon doing so, |

Ms. Pappas stated that she is home every day and reported that Mr. Vasquez has been leaving their residence approximately two times per week. She stated that she had confronted Mr. Vasquez about this (regarding his special condition of supervision prohibiting him from leaving without prior approval from this officer), and Mr. Vasquez advised her "I don't have to listen to Pat." Ms. Pappas advised this officer that Mr. Vasquez calls for a cab and is gone on average for about 90 minutes (the time his oxygen will need to be changed).

She stated that she believes that Mr. Vasquez goes shopping, to the bank, Walmart, and noted that the last time he left the day prior on August 30, 2020, for approximately an hour or so and returned home with food (that she showed this officer the packaged food that was still in their refrigerator).

She noted that it is very difficult having Mr. Vasquez at their residence now, as he is argumentative and noted that there is "a lot of tension in the house now," stating "we don't talk (due to the tension)." Upon attempting to inquire further with Ms. Pappas and Mr. Pappas, Mr. Vasquez walked into the kitchen. This officer then asked him if he had left the residence without this officer's permission, he stated he had not, remaining adamant, noting that it would have to be proven that he left the residence, asking this officer, "can you prove it?"

Upon trying to discuss this matter and the obvious tension that now exists between Mr. Vasquez and the Pappas family, Mr. Vasquez started raising his voice to which this officer advised him that I would leave the residence if he were to continue speaking in that manner. Ms. Pappas stated that she wanted Mr. Vasquez out of her residence.

On September 1, 2020, this officer contacted Michael Pappas via his cellphone to inquire how Mr. Vasquez was after leaving their residence yesterday. Mr. Pappas stated that Mr. Vasquez was "acting irate." He stated that he and his mother both have concluded that Mr. Vasquez is no longer welcome in their home and asked that he be relocated elsewhere, stating "it's too stressful for my mother."

Mr. Pappas confirmed what his mother, MaryAnn Pappas had advised this officer yesterday during the home visit that Mr. Vasquez had advised him and his mother regarding leaving the residence without permission from Probation, stating to them both that, "Pat has nothing to do with where I go or do." According to Mr. Pappas, Mr. Vasquez informed him and his mother that, "I can go anywhere I want to go."

U.S. Probation Officer Recommendations:
It is respectfully recommended that the Court issue a warrant for Mr. Vasquez's arrest compelling him to appear before the Court to show cause as to why his term of supervised release should not be modified or revoked.

I declare under penalty of perjury that the foregoing is true and correct.

Executed On     September 1, 2020

Patrick D. Norton
Sr. U.S. Probation Officer

**THE COURT ORDERS:**

☐ No Action
☐ The issuance of a summons for a compliance review hearing  Date: _____
☒ The issuance of a summons   Date: September 3, 2020
☐ The issuance of a warrant
☐ Other

Signature of Judicial Officer

September 2, 2020
Date

**Submit by Email**     **Print**     **Save As...**